22342. LIBERTY MUTUAL INSURANCE COMPANY *et al. v.* CLAY.

STEPHENS, J. 1. Where, after an award of compensation for a total incapacity to work, resulting from an injury to an employee's leg, had been made in accordance with the provisions of section 30 of the workmen's compensation act, and the employer and the insurance carrier had appealed from the award to the superior court, the appeal was sustained and the case "remanded to the industrial commission with instructions that they ascertain and determine the permanent partial loss of use of the leg as specified in section 32 of the compensation act," the award, in so far as it awards compensation, is affirmed, and is set aside only in so far as compensation is awarded by an application of the provisions of section 30 of the compensation act. The sole questions for determination upon the rehearing are the permanent partial loss of the use of the leg, and a determination of compensation therefor as provided in section 32 of the act; and there is not then presented for determination any question as to whether the maximum improvement in the condition of the injured employee's leg had been reached. On the rehearing compensation must be awarded by an application of the provisions of section 32 of the act with reference solely to the amount of loss of the use of the employee's leg; and an award of compensation, made after the case has been remanded as above indicated, is not illegal, or for any reason erroneous, upon the ground that it did not appear that the maximum improvement in the condition of the employee's leg had been reached. Where the evidence as to the extent of the injury adduced upon the first hearing was sufficient to authorize a finding as to the extent of the loss of use of the employee's leg, although the maximum improvement may not have been reached, the Directors of the Department of Industrial Relations, before whom the second hearing was had, were authorized to find the percentage of the impairment in the use of the employee's leg, without hearing additional testimony, and to award compensation as provided in section 32 of the act.

2. Upon an appeal to the superior court from the award made by the Directors of the Department of Industrial Relations, after the case had been remanded with instruction that an award be made under section 32 of the act, the evidence was sufficient to authorize the finding made that the employee had suffered a sixty per cent. impairment in the use of his leg and was entitled to compensation in a weekly amount for one hun-

dred and seventy five weeks, less twenty-nine weeks for which he had already been paid, viz. one hundred and forty-six weeks, equal to sixty per cent. of one half of his weekly wages of $50, viz. sixty per cent of $25, which is $15.

3. The award authorizing a payment of $25 a week for eighty-seven and three fifths weeks is the total amount of compensation to which the injured employee is entitled for a sixty per cent. partial loss of the use of his leg, and while the total amount of the compensation payable as thus awarded is not in excess of the total amount payable at the rate of $15 a week for one hundred and forty-six weeks, the award in weekly payments in amounts in excess of $15 a week, irrespective of whether the provision as to a maximum payment of $15 a week as provided in section 32 of the act is applicable, is in excess of that authorized by the act, which, being sixty per cent. of one half of the average weekly wage, $50, is only $15 per week for one hundred and forty-six weeks. The decisions in *General Accident &c. Assurance Cor.* v. *Beatty*, 174 *Ga.* 314 (3) (162 S. E. 668), *American Mutual Liability Ins. Co.* v. *Brock*, 35 *Ga. App.* 772 (135 S. E. 103), *Richardson* v. *Maryland Casualty Co.*, 41 *Ga. App.* 520 (153 S. E. 524), and *American Mutual Liability Ins. Co.* v. *Braden*, 43 *Ga. App.* 74 (157 S. E. 904), are not applicable, since none of them is authority for the proposition that the weekly payments can, by a reduction of the number of weeks, be in amounts in excess of the maximum of $15 a week as provided in the act in certain cases, or in excess of the amount which the percentage of the partial loss of the use of the injured members bears to one half the employee's average weekly wage.

4. The evidence authorized the award of compensation in the total amount found, but not in the weekly payments awarded in excess of $15. The judgment of the superior court affirming the award as made is affirmed, but direction is given that the superior court enter final judgment awarding compensation of only $15 per week for one hundred and forty-six weeks.

*Judgment affirmed, with direction. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 8, 1933. REHEARING DENIED MARCH 1, 1933.

*McDaniel, Neely & Marshall, Harry L. Greene,* for plaintiffs in error.

*S. Holderness, Willis Smith,* contra.