23228. METROPOLITAN CASUALTY INSURANCE COMPANY *et al. v.*
DUCKWORTH.

BROYLES, C. J. 1. "Under section 45 of the workmen's compensation act, no review by the commission [on the ground of a change in condition of the injured employee] of an award of compensation previously made 'shall affect such award as regards any monies paid.' Accordingly, while the commission may, upon reviewing an award previously made, make a new award 'ending, diminishing, or increasing the compensation previously awarded,' such an award can not be made retroactive so as to be made effective as of the date of the original award, since to do so would 'affect the award previously made as regards' monies paid, but the new award can only become effective as of the time it is entered, *and the claimant can not be required to account for monies already paid him under the previous award."* (Italics ours.) *South* v. *Indemnity Ins. Co.*, 39 *Ga. App.* 47 (4) (146 S. E. 45).

2. Under the foregoing ruling and the facts of the instant case, the Department of Industrial Relations, in making the last award for additional compensation to the claimant, did not err in refusing to allow the employer credit for moneys paid by it under the previous award, although the moneys so paid amounted to more than the claimant was entitled to receive under that award. It follows that the judge of the superior court properly entered a judgment affirming the award of the Department of Industrial Relations. The cases cited in the brief of counsel for the plaintiffs in error are distinguishable by their particular facts from this case. If the provisions of section 45 of the compensation act are inequitable and unfair to employers and insurance carriers, as contended by counsel for the plaintiffs in error, the remedy lies in the General Assembly and not in the courts.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*
DECIDED FEBRUARY 24, 1934. REHEARING DENIED MARCH 2, 1934.

*McDaniel, Neely & Marshall, Harry L. Greene,* for plaintiffs in error.
*H. H. Hamrick, J. E. Thrift,* contra.