29483. CITY OF HAPEVILLE *v.* PRESTON.

DECIDED MAY 13, 1942.

*H. A. Allen,* for plaintiff in error. *Fraser & Irwin,* contra.

MacIntyre, J. (After stating the foregoing facts.) "The principle involved in the compensation acts, is that the benefits received are a substitute for the wages of the injured employee, and with this theory in mind the legislatures of all States, except three, have provided for periodical payments. The purpose of this method of payment is to preclude any possibility of an imprudent employee or dependent wasting the means provided for his support and thereby becoming a burden on society. Fraternal insurance

statistics show that more than fifty per cent. of the insurance money paid to widows and orphans reaches the hands of swindlers. Our legislatures were, however, mindful of the fact that cases might arise wherein the interests of the individual as well as the community would be better served by the award of a lump sum, and made provisions for such cases by commutation of the weekly payments on their present-worth value.

"This practice of commuting payments to a lump sum, if unrestricted, would also result in great abuses and injustices. The disabled workman's hope of obtaining a large amount of money at one time often would be an incentive to sacrifice rights to additional benefits to which he might be entitled. Most acts, therefore, provide that lump-sum settlements must be approved by the commission or the court." 2 Schneider's Workmen's Compensation Law, 1695.

Recognizing the soundness of this theory, our legislature has said: "When the incapacity to work resulting from an injury is total, the employer shall pay or cause to be paid, as hereinafter provided for, to the employee during such total incapacity a weekly compensation equal to one half of his average wages, but not more than $15 per week nor less than $4 per week, except when the weekly wage is below $4, when the regular wages on the date of the accident shall be the weekly amount paid, and in no case shall the period covered by such compensation be greater than 350 weeks, nor shall the total amount of compensation exceed $5000." Code § 114-404. Where there is a review of an award on account of a change of condition and a new award is made on a weekly basis our Georgia courts have said: "In such a case, as regards an award under a change in condition, the employer and insurance carrier are given credit for the weeks for which they have paid the employee, and not for the amount of money which they have paid him under the previous award or agreement. To hold otherwise would be to effect such previous award or agreement as regards moneys paid, and thereby nullify the meaning of section 45 of the workmen's compensation act [Code, § 114-709]." *Helms* v. *Continental Casualty Ins. Co.,* 50 *Ga. App.* 267, 272 (177 S. E. 915); see also *Fidelity & Casualty Co.* v. *Leckie,* 52 *Ga. App.* 591 (183 S. E. 642); *Liberty Mutual Insurance Co.* v. *Clay,* 180 *Ga.* 294 (178 S. E. 736); 1 Schneider's Workmen's Compensation

Statutes, 637. Our Code, § 114-709, recites: "Upon their own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, the Department of Industrial Relations may at any time review any award or any settlement made between the parties and filed with the department and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded or agreed upon, subject to the maximum or minimum provided in this Title, and shall immediately send to the parties a copy of the award. *No such review shall affect such award as regards any moneys paid."* (Italics ours.)

Thus our law recognizes that as a general rule the week is the proper unit of time for the payment of compensation. Of course, under some circumstances there are cases which may arise under the workmen's compensation act in which a lump-sum award is allowed. In the instant case both the awards were made on a weekly basis. The employer did not make all of the payments on this basis but made some payments in accord with the awards. However, other payments were not in accord therewith as to either amount or time, and thereafter the employer sought a general accounting on all of the amounts paid, and contended that such accounting would show that the City of Hapeville (the employer) had overpaid the amounts designated in the awards. Even if such a general accounting were allowed under the act, it would have been difficult indeed for the claimant to arrive at a correct result under the complications brought about by the manner in which the employer had made the payments. However, to protect the workman, Code § 114-709 says that the claimant (workman) can not be required to account for moneys already paid him under the previous award. *Fidelity & Casualty Co.* v. *Leckie,* supra.

It should be remembered that the department is not a court authorized to render judgments on contracts. It merely determines the amount of compensation and time of payment in accordance with the provisions of the act. When the employer fails to obey and follow a lawful award he does so at his own peril, and on a review of the first award because of a change of condition if a second award is made under Code § 114-709, "ending, diminishing, or increasing the compensation allowed by a previous award, the employee can not be required to account for or be charged with

moneys actually paid under the first award." *London Guarantee & Accident Co.* v. *Ritchey,* 53 *Ga. App.* 628 (2) (186 S. E. 863). After the first award, whether expressly or impliedly agreed to or not by both the employer and employee, the employer can not relive himself of liability, and certainly not without the approval of the department under the workmen's compensation act, by payments not in accord with the awards of the department. That is, the department can not be thus ousted of its jurisdiction. The State is concerned in preventing the dissipation of the money paid and an early recourse to charitable aid which systematic compensation aims to avoid. *International Coal & Mining Co.* v. *Industrial Commission,* 293 Ill. 524 (127 N. E. 703; 10 A. L. R. 1010). "Upon a review on a change in condition an award can not be made that is retroactive to affect moneys already paid. *General Accident, Fire & Life Assurance Corporation* v. *Beatty,* 174 *Ga.* 314 (162 S. E. 668) ; 45 *Ga. App.* 104 (163 S. E. 302) ; *Home Accident Insurance Co.* v. *McNair,* 173 *Ga.* 566 (161 S. E. 131) ; *Fidelity & Casualty Co.* v. *Leckie,* 52 *Ga. App.* 591; *Helms* v. *Continental Casualty Co.,* 50 *Ga. App.* 267; *Travelers Insurance Co.* v. *Reid,* 49 *Ga. App.* 317 (175 S. E. 414) ; *Metropolitan Casualty Co.* v. *Duckworth,* 48 *Ga. App.* 595 (173 S. E. 177) ; *Liberty Mutual Insurance Co.* v. *Clay,* 46 *Ga. App.* 558 (168 S. E. 79) ; *American Mutual Liability Insurance Co.* v. *Braden,* 43 *Ga. App.* 74 (157 S. E. 904) ; *South* v. *Indemnity Insurance Co.,* 39 *Ga. App.* 47 (146 S. E. 45)." 1 Schneider's Workmen's Compensation Statutes, 687.

The director or directors were not required to go into any general accounting relatively to the payments of moneys for compensation not provided for in the awards, and they did not do so. No such accounting was gone into by the director or directors. "The facts upon which the superior court was authorized to exercise jurisdiction were those, and only those, contained in the record transmitted to it by the Department of Industrial Relations." *Department* v. *Travelers Insurance Co.,* 177 *Ga.* 669, 672 (170 S. E. 883). And, "No order or decree of the department shall be set aside by the court upon any grounds other than one or more of the grounds above stated" (Code § 114-710), and these grounds are where "(1) The directors acted without or in excess of their powers; (2) The order or decree was procured by fraud; (3) The

facts found by the directors do not support the order or decree; (4) There is not sufficient competent evidence in the record to warrant the directors in making the order or decree complained of; or that (5) The order or decree is contrary to law." Ibid. The function of the superior court as provided in Code § 114-711 is to enforce, not to change, the awards, and Judge Pomeroy of the superior court seems to have followed the provisions of that section and sought to enforce the awards of the directors and not to change them by going into any intricate system of general accounting in which payments of moneys were made, not as directed by the awards of the director or directors. The directors did not undertake, on a review, to make an award retroactive to affect moneys already paid not as directed by them, nor did the judge of the superior court undertake to go into any such accounting.

The accident happened February 13th, 1935. The claim was filed with the department on July 29, 1935, and is now pending in May, 1942. "The design of the workmen's compensation act is to furnish a speedy, inexpensive, and final settlement of the claim of injured employees. The act abhors and shuns protracted and complicated litigation over the facts of any case. Conners' Case, 121 Me. 37 (115 Atl. 520); *Gravitt* v. *Georgia Casualty Co.,* 158 *Ga.* 613, 616 (123 S. E. 897). For this reason the act makes the finding of the industrial commission upon the facts final and conclusive. The finding of that body upon the facts can not be reviewed in the superior court, if there is evidence to support its finding. Such finding can not be reviewed in the appellate court. The finality of a finding of the industrial commission upon the facts of a case is conclusive and binding upon all the courts. The purpose of the act in making such finding conclusive was to avoid the law's delay, which is often the subject of complaint." *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810, 812 (129 S. E. 75).

No reversible error appears.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*