33530. HARTFORD ACCIDENT & INDEMNITY Co. *et al. v.* BRENNAN.

MacINTYRE, P. J. 1. Where, in its approval of an agreement between a claimant under workmen's compensation and his employer, for total disability, payable from a given date "until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Georgia," the State Board of Workmen's Compensation orders the sum agreed upon paid "during disability," and further orders that "in case of loss of or loss of use of member, award will be modified"; and, where, on a given date the claimant returns to work but refuses to sign "final settlement receipts," and the employer, on a given date, gives notice to the board of such refusal, the claimant may, at any time within two years from the date on which the board was notified of the claimant's refusal to sign the final settlement receipts, after he had returned to work, apply to the board "to determine the amount of compensation to which . . [the claimant] is entitled and for a review of any award or settlement which may have been made between the parties . . on the ground of a change in condition;" and, where, on such an application made within the two years from the date the board was notified of the claimant's return to work and refusal to sign the final settlement receipts, the board, if there is evidence to support it, "may make an award ending, diminishing or increasing the compensation previously awarded or agreed upon"; and, where, in such a case, the board makes an award granting compensation for the permanent partial loss of the use of one of the members specified in Code § 114-406, and for partial incapacity to work, in accordance with Code, Ann. Supp., § 114-405, such an award is within the jurisdiction of the board (*London Guarantee & Accident Co.* v. *Boynton,* 54 *Ga. App.* 419, 188 S. E. 265; *United States Casualty Co.* v. *Smith,* 162 *Ga.* 130 (2), 133 S. E. 851; *Southern Cotton Oil Co.* v. *McLain,* 49 *Ga. App.* 177, 174 S. E. 726; *Globe Indemnity Co.* v. *Lankford,* 35 *Ga. App.* 599, 134 S. E. 357); and, where the accident to the claimant resulted *in multiple injuries* to him, an award by the board

of compensation for permanent partial loss of the use of a member specified in Code § 114-406 *and* for partial incapacity to work in accordance with Code, Ann. Supp., § 114-405, if there is evidence to support such award, is not contrary to law or in excess of the powers of the board. *London Guarantee & Accident Co.* v. *Boynton,* supra; *London Guarantee & Accident Co.* v. *Ritchey,* 53 *Ga. App.* 628 (186 S. E. 863); *Austin Bros. Bridge Co.* v. *Whitmire,* 31 *Ga. App.* 560 (2-f) (121 S. E. 345).

2. Where, as the result of an accident arising out of and in the course of a claimant's employment, the claimant suffered multiple injuries, and the board finds that at the time of the hearing the claimant was suffering a fifteen percent loss of the use of his right arm, and, in addition, as the result of the loss of hearing in one ear and a fractured skull that the claimant has lost such a degree of his equilibrium, or sense of balance, that he is forced to stay on the ground and is unable to pursue his usual occupation of an iron worker who is required to work in the air above ground, climb ladders, etc., and for this reason has sustained a loss in earning capacity, the claimant is entitled to one-half the difference between his average weekly wages before the injuries and the average weekly wages which he is able to earn thereafter, notwithstanding the fact that the claimant's hourly wage has been increased above the hourly wage which he was earning prior to the accident. Code, Ann. Supp., § 114-405; *Bituminous Casualty Corp.* v. *Sapp,* 196 *Ga.* 431 (26 S. E. 2d, 724).

3. There being evidence to authorize the findings of the board and the award being authorized by law, the superior court did not err in affirming the award of the State Board of Workmen's Compensation granting compensation for a fifteen percent loss of the use of the claimant's right arm and for one-half the difference between the claimant's average weekly wages prior to the accident and the average weekly wages thereafter.

> *Judgment affirmed. Gardner and Townsend, JJ., concur.*

Decided November 29, 1951. Rehearing denied December 12, 1951.

*T. Elton Drake, John M. Williams,* for plaintiffs in error. *Carlisle & Bootle,* contra.