37927.   ALLEN *v.* QUEEN INSURANCE COMPANY *et al.*

FELTON, Chief Judge. 1. The motion to dismiss the writ of error is denied.

2. Where an employee and employer enter into an agreement for the payment of compensation and the agreement is formally approved by the State Board of Workmen's Compensation the board is without authority or jurisdiction to make an additional award except upon a change in the employee's condition. In this case such an agreement was entered into and approved by the board and payments thereunder were completed and a final receipt signed and filed with the board. The single director trying the case made an authorized finding that the employee had not suffered a change in her condition since the agreement for compensation was signed and approved but nevertheless held that the employee suffered a fifteen percent permanent partial disability to her left leg as a result of her injury and awarded compensation for 33.75 weeks at $24 per week plus medical expenses. On appeal by the employer and insurance carrier the judge of the superior court reversed the award of compensation and medical expenses. This judgment is correct. The director found that there had been no change in the employee's condition and such a finding was authorized by the evidence. In such circumstances, under the following authorities, the court was without jurisdiction to render an additional award of compensation. Code (Ann.) § 114-709; *Lumbermen's Mutual Casualty Co.* v. *Cook,* 195 *Ga.* 397 (24 S. E. 2d 309); *Georgia Marine Salvage Co.* v. *Merritt,* 82 *Ga. App.* 111 (60 S. E. 2d 419); *Fralish* v. *Royal Indemnity Co.,* 53 *Ga. App.* 557 (186 S. E. 567); *Arnold* v. *Indemnity Ins. Co.,* 94 *Ga. App.* 493 (95 S. E. 2d 29).

The court did not err in reversing the award of the single director.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*

DECIDED JANUARY 6, 1960.

*William O. Carter, Carey C. Carter, Jr.,* for plaintiff in error.
*Erwin, Nix, Birchmore & Epting, Nikolas P. Chilivis,* contra.