38669. ST. PAUL FIRE & MARINE INSURANCE COMPANY *et al.* v. WHITE.

DECIDED APRIL 4, 1961—REHEARING DENIED MAY 2, 1961.

*Smith, Field, Ringel, Martin & Carr, Charles L. Drew,* for plaintiffs in error.

*William S. Cain, J. Willard Register,* contra.

BELL, Judge. It is to be noted particularly in this case that the purpose of the hearing as stated by the notice of hearing sent by the State Board of Workmen's Compensation was "to determine extent of disability." The hearing was set at the request of the attorney for the claimant.

The defendant vigorously contends that since an agreement for payment of compensation had been filed with and approved by the State Board of Workmen's Compensation on January 29, 1959, the agreement as approved is binding on the parties in the absence of fraud, accident, or mistake, and cites *Rourke v. U. S. Fidelity &c. Co.,* 187 Ga. 636 (1 S. E. 2d 728), and

numerous prior cases cited in the *Rourke* case. The defendant particularly summons our attention to *Sears, Roebuck & Co. v. Wilson*, 215 Ga. 746 (113 S. E. 2d 611), which held that where an award of compensation is made under the Workmen's Compensation Act, whether by agreement of the parties approved by the board or by an award of the board, the sole provision of law for further consideration of the case is a review by the board based on a change in condition. See also *Lumbermen's Mut. Cas. Co. v. Cook*, 195 Ga. 397, 399 (24 S. E. 2d 309). In *Home Accident Ins. Co. v. McNair*, 173 Ga. 566 (161 S. E. 131), the Supreme Court held that "The original award is conclusive on both the employer and employee as to the extent of the disability of the employee, as found by the commission in such award, and as to the continuance thereof until superseded by a new award." It appears that under the *Lumbermen's Mut. Cas. Co.* case an award of the Workmen's Compensation Board is also conclusive on the parties, until modified, whether it is based on an agreement of the parties, approved by the board, or on an award made by the board after a hearing and the introduction of evidence. *Sears, Roebuck & Co. v. Wilson*, 215 Ga. 746 (1), 752, supra.

The issue is thus raised as to whether, where the hearing is designated as being for the purpose *of determining the extent of disability*, the State Board of Workmen's Compensation can change an award based on the prior agreement of the parties as previously approved by the board.

*Code Ann.* § 114-706 provides in part that hearings regarding disagreements between the employer and the injured employee or his dependents may be held when there is a failure to reach an agreement in regard to compensation under the act, or when they have reached an agreement which has been signed and filed with the State Board of Workmen's Compensation and the parties thereafter disagree as to the continuance of any weekly payment under the agreement. This court has held, however, that this section must be construed in pari materia with other sections of the act and particularly with Section 114-709, and thus Section 114-706 does not authorize the reopening of a case in which an agreement has been approved by the board, but only applies to

disagreements between the parties prior to the time the agreement had been approved by the board. *Arnold v. Indemnity Ins. Co.*, 94 Ga. App. 493 (4) (95 S. E. 2d 29). In the *Arnold* case it was held that after an approval of the agreement entered into between the parties, the board's jurisdiction is confined to the question of whether there has been a change in condition under the terms of *Code* § 114-709.

The evidence brought out at the hearing in the present case would authorize the board to find, as it did find, that the claimant voluntarily departed from his employment after the doctor recommended that he leave. It was further found that the claimant had to change to light work as a result of the injury which occurred to him and which arose out of and in the course of his employment with the Columbus Spring Service, and that his diminished earnings were due to the impairment of his physical condition. The doctor's testimony was that after the claimant was dismissed as a patient on April 13, 1959, his condition had stabilized and there had been no change in his condition. The finding of the board that the claimant as a result of the injury had changed to light work from the heavy work he had previously engaged in is justified by the evidence offered at the hearing.

Under these circumstances, the question arises as to whether this conclusion by the board constitutes a finding of change in condition as authorized under *Code* § 114-709. The evidence indicated that, after the injury, the employee resumed his former work at the same or higher earnings during a period of five months, but that during this period he was constantly in pain and that he quit because of the doctor's advice which, inter alia, was that if he continued in the same heavy work his disability would be possibly increased to the point of bringing about a thrombosis and a blockage of the blood vessel even to the point of gangrene.

We think that where, as here, an employee with commendable conscientiousness and determination has endeavored for a period of some months to carry on in his prior employment but is prevented from doing so by a previous injury which arose out of and in the course of his employment, he should not be held to

forfeit any rights under the Workmen's Compensation Act, nor should he be penalized for his worthy efforts to continue his previous work.

As we view the findings of the board, there is in effect a determination by it that there has been a change in the condition of the claimant since it found that he was no longer able to continue in his former employment and, therefore, had to take less strenuous employment at a reduced wage. We further conclude that under the notice issued by the board of a hearing to determine the extent of disability, the board may, where the evidence authorizes it, change the award previously made from total disability under *Code* § 114-404 to an award for partial incapacity under *Code* § 114-405. See *Williamson v. Aetna Cas. &c. Co.*, 101 Ga. App. 220, 224 (113 S. E. 2d 208). Under numerous decisions of the appellate courts of the State, as well as by the express terms of the statute, the Workmen's Compensation Act, in order to further its beneficent purposes, is to be liberally construed. Properly viewed, the hearing in this case, subject to the notice given, was in effect a hearing to determine a change in condition, and the evidence authorized the finding of such a change.

■ We cannot agree with the contention of the plaintiff in error that *Code* § 114-407 applies to and controls the situation here. In substance, this Code section provides that if an injured employee refuses employment secured for him suitable for his capacity, he shall not be entitled to any compensation at any time during the continuance of the refusal.

The testimony of the employee was in effect that he was not offered light work suitable to his capacity, but that he had been offered "lighter spring work but the doctor told me no spring work." The finding of the deputy director contains a recitation that the employer offered the claimant a bonus of $500 per year and a helper if he would remain in his employment. The director found, however, that none of this came about until the claimant had made arrangements for another job and had begun to have difficulty with his shoulders and arm after returning to his employment.

As we interpret the finding in this case, the State Board of

Workmen's Compensation concluded that there was justification for the claimant's refusal to return to the job offered *after* the claimant had found it impossible to continue in his former work. The board also found that the claimant's doctor had ordered him to change jobs, and that the claimant had found other work suitable to his impaired capacity *before* the employer came around to offering him a job. Further, with respect to the job belatedly offered, there was a conflict in the evidence as to whether or not it was suitable for the claimant to manage. Under this status of the record we do not think that *Code* § 114-407 is either applicable or controlling. Clearly, here there was no refusal by the claimant to accept employment suitable to his capacity, as the record shows he accepted consonant employment before the employer saw fit to make him an offer more compatible with his physical capabilities.

■ The agreement approved by the board recites that the plaintiff was to receive compensation at a stipulated rate payable weekly from the date specified until termination, in accordance with the provisions of the Workmen's Compensation Act. Another portion of the agreement recites that the probable length of disability is undetermined. We think that where an agreement, between the employer and the employee and/or insurance carrier, relates that the probable length of disability is undetermined, an award of the State Board of Workmen's Compensation based on the agreement is indefinite and indeterminate. It necessarily follows that, in order to accord the required liberal interpretive effect to the workmen's compensation statutes, the award is subject to modification by the board at a subsequent hearing for the purpose of "determining the extent of disability." Where the board holds such a hearing and the evidence supports a finding that the employee is no longer totally disabled, the board has authority to make an award for partial incapacity to work based on the diminished earnings where the employee is being paid for lighter work suitable to his partial incapacity. *Code* § 114-405. We do not feel that the case of *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746 (1), supra, compels a different conclusion.

For additional authority that not every award of the State

Board of Workmen's Compensation is final, see *Lumbermen's Mut. Cas. Co. v. Lattimore*, 165 Ga. 501 (1) (141 S. E. 195); and *Reese v. American Mut. Liability Ins. Co.*, 67 Ga. App. 420 (1) (20 S. E. 2d 773).

Judgment affirmed. *Felton, C. J., and Nichols, J., concur.*

ON MOTION FOR REHEARING.

BELL, Judge. The movant insists that the court in its opinion has misconstrued the decision in *Arnold v. Indemnity Ins. Co.*, 94 Ga. App. 493 (95 S. E. 2d 29). In the *Arnold* case the effect of the holding is that the prior award is res adjudicata in the absence of fraud, accident, or mistake, and the board's subsequent jurisdiction "is confined to the question of whether there has been a change in condition under the terms of *Code* § 114-709." There, this court held that the board was without jurisdiction to reopen the case in order to determine the extent of the claimant's disability and whether or not he was justified in refusing an operation where the hearing was requested by the claimant "to determine the extent of his disability and the propriety of his refusal of the laminectomy" (an operation to correct a herniated intervertebral disc). In the *Arnold* case it seems clear that the issue was limited as to whether the refusal to accept the operation was unjustified, thus causing the insurer's discontinuance of payments to be proper. We see no conflict between that opinion and this one, for here the board found a change in the condition of the claimant from total to partial incapacity.

Movant urges that the case of *Hartford Accident &c. Co. v. Brennan*, 85 Ga. App. 163 (1) (68 S. E. 2d 170), conflicts with the present holding. In the *Brennan* case the claimant returned to work but refused to sign settlement receipts, and it was held that the claimant may, at any time within two years from the date the board was notified of his refusal to sign the receipts, "apply to the Board 'to determine the amount of compensation to which . . . [the claimant] is entitled and for a review of any award or settlement which may have been made between the parties . . . on the ground of a change in condition.'" There, after hearing, the board made an award granting compen-

sation for permanent partial loss of use, under *Code* § 114-406, and · for partial incapacity to work, under *Code* § 114-405. While the implication of the *Brennan* case is that the application for hearing must be stipulated to be on the ground of a change in condition, we do not agree with movant's interpretation as to the requirements to be stated in the notice of hearing. Although here the magic words, "change of condition," were not used in the facts as found, nor in the application for a hearing, *the award as rendered shows a change in condition of the claimant* from his previous incapacity to work to a capacity for light work. Accordingly, since the probable length of disability was stated as indeterminate in the agreement previously approved by the board, we think the board under the facts here had authority to make ·an award for partial incapacity based on diminished earnings under *Code* § 114-405. The case of *Allen v. Queen Ins. Co.*, 101 Ga. App. 9 (112 S. E. 2d 772), does not require a different conclusion, since there it was expressly found by the director that no change in the employee's condition had occurred. But here the finding of the board supported by the evidence was that the claimant returned to work at his former employment after a period of total disability to work but "from the medical evidence herein . . . that the claimant has had an impairment of his physical condition due to his previous accidental injury in that he cannot do heavy work or strenuous work as he did prior to the operation," and that the claimant had to change to light work. Viewing the findings of fact as a whole, it is clear that the board concluded that a change in condition had occurred ·in that the claimant was no longer totally disabled as he was at the beginning from his injury, but was at the latter hearing only partially disabled. Certainly, this finding is one of a change in condition. The cases of *Georgia Marine Salvage Co. v. Merritt*, 82 Ga. App· 111 (60 S. E. 2d 419) and *Fortson v. American Surety Co.*, 92 Ga. App. 625 (89 S. E. 2d 671), are harmonious with the holding here, as are the other cases cited in the motion for rehearing.

*The motion for rehearing is denied.*