39015.  ST. PAUL FIRE & MARINE
INSURANCE COMPANY *et al.* v. DURDEN.

DECIDED SEPTEMBER 29, 1961.

*Smith, Swift, Currie, McGhee & Hancock, Glover McGhee,* for plaintiffs in error.

*Harry E. Monroe,* contra.

HALL, Judge. The case of *London Guarantee Co. &c. v. Ritchey,* 53 Ga. App. 628 (186 SE 863), which the full board followed, held: 1. ". . . where . . . an employee receives an injury by burns, not only to three fingers, as expressly described in . . . [*Code* § 114-406], but also to the 'back of both hands and both wrists' and a surgical wound in his abdomen is necessitated to obtain grafts to replace the burned skin, for *all of which* he receives hospital treatment and by which he is wholly incapacitated for work, the injury not being restricted to the specific members . . . the total disability compensation is controlled by . . . [*Code* § 114-404], with 350-weeks maximum, . . ." (2) "Under . . . [*Code* § 114-709] where a second award is made, ending, diminishing, or increasing the compensation allowed by a previous award, the employee can not be required to account for or be charged with moneys actually paid under the first award. . ." (3) "Under the preceding holdings, there is no merit in the contentions of the employer and the insurance carrier that compensation for total disability was limited to ten weeks, and that the award of the Department of Industrial Relations was error because it failed to allow a credit, on the present allowance for partial 'industrial

handicap' . . . which was allowed and actually paid under a previous award. The original agreement as approved by the department, under which compensation was paid, shows that the injury consisted of 'burns on back of both hands and both wrists.' Skin-grafts also were taken by making a wound in the abdomen, and hospital treatment was required. The total incapacity for work did not arise solely from the three fingers, for which the final specific allowances were made under . . . [*Code* § 114-406]. Total disability compensation . . . as allowed by . . . [*Code* § 114-404], was paid under the first award without any appeal or objection, for 55 2/3 weeks. After a refusal of further payments, the hearing, set down on application of the employee, was 'to determine the status and percentage of disability and amount of compensation due in addition to that paid, if any.' The specific allowances then awarded for the partial loss of use of . . . [fingers] . . . did not include any amount for past total disability, but were expressly awarded 'in addition to the 55 2/3 weeks already paid.' Accordingly, the previous compensation was not restricted to the ten-weeks limit of . . . [*Code* § 114-406] but, as in cases of other injuries additional to those arising from the specific members covered by . . . [*Code* § 114-406] the award and payments made were proper under . . . [*Code* § 114-404]. For this reason, and in the absence of any appeal from or attack upon the first award, which was entered under the signed agreement of the employer and the insurance carrier, and under which the total-disability compensation was actually paid without objection, they were not entitled to credit, on the present specific allowances for future partial industrial handicap, of any part of the previous payments. . ." (Emphasis supplied). Accord *Liberty Mut. Ins. Co. v. Holloway*, 58 Ga. App. 542 (199 SE 334); *City of Hapeville v. Preston*, 67 Ga. App. 350 (20 SE2d 202); *Hartford Accident &c. Co. v. Brennan*, 85 Ga. App. 163 (68 SE2d 170).

The above quoted decision appears to follow from this reasoning: The original award, based upon the agreement of the parties, showed multiple injuries existed at that time. That award was not excepted to and the facts on which it was based

—multiple injuries then existing—and the judgment resulting therefrom, was res judicata. Thereafter the employer would not be heard to contend that his payments made under the award, prior to its revision, were not due on account of the injuries described in the award. A later award based on a change in condition can stand independently when supported by the evidence.

Therefore, even though at the hearing in the present case positive evidence of disability resulting from the foot injury was not produced, the *London Guarantee* case is nevertheless applicable—because it was based on the finality of the former judgment—not on its correctness.

None of the authorities cited by the employer is in conflict with the *London Guarantee* case or with the judgment on which error is assigned. The employer's assignment of error shows no grounds requiring a reversal of the judgment of the superior court affirming the award of the full board.

*Judgment affirmed. Felton, C.J., and Bell, J., concur.*