## 41738. GULF AMERICAN FIRE & CASUALTY COMPANY et al. v. HERNDON.

PANNELL, Judge. 1. The evidence was sufficient to authorize the finding by the State Board of Workmen's Compensation that claimant was suffering a compensable partial incapacity for work, and was entitled to the grant of compensation under *Code* § 114-405, as amended by Ga. L. 1949, pp. 1357, 1358; Ga. L. 1955, pp. 210, 211; Ga. L. 1963, pp. 141, 146.

2. Assuming, but not deciding, that the State Board of Workmen's Compensation did not also make a finding of, and an award for, partial industrial handicap because of disability of a specific member under *Code* § 114-406, as amended by Ga. L. 1955, pp. 210, 212; Ga. L. 1958, p. 360; Ga. L. 1963, pp. 141, 147 (*Hartford Accident &c. Co. v. Brennan,* 85 Ga. App. 163 (1) (68 SE2d 170)), this is not a matter of which the insurer can complain.

3. The award, properly construed, provides for credit for any weeks for which total disability was paid under the previous agreement and award.

*Judgment affirmed. Nichols, P. J., Bell, P. J., Frankum, Jordan, Hall, Eberhardt and Deen, JJ., concur. Felton, C. J., dissents.*

SUBMITTED JANUARY 4, 1966—DECIDED MAY 16, 1966.

*Conyers, Fendig, Dickey & Harris, J. Thomas Whelchel,* for appellant.

*Ronald F. Adams,* for appellee.

FELTON, Chief Judge, dissenting. The full board's stated basis for awarding benefits under *Code Ann.* § 114-405, as amended by Ga. L. 1949, pp. 1357, 1358; Ga. L. 1955, pp. 210, 211; Ga. L. 1963, pp. 141, 146, is that the disability which the claimant now suffers is a result of the injury to his left shoulder, which is not a part of the arm but of the body. In my opinion, the award properly should have been based upon *Code Ann.* § 114-406, as amended by Ga. L. 1955, pp. 210, 212; Ga. L. 1958, p. 360; Ga. L. 1963, pp. 141, 147, for partial loss of use of the arm, regardless of the matter of whether the injury was to a part of the arm itself, or to the shoulder—whether considered a part of the arm, a part of the body or an independent, linking part, somewhat analogous to a hinge on a door. The only positive evidence as to the claimant's injuries as of the time of the hearing relates to loss of use of the arm—such as, inability to lift it in the normal amount, inability to paint overhead with the arm, and inability to safely lift and hold onto heavy objects such as ladders with his left arm. The only possible injury, other than to the use of his arm, which was testified to was a pain or crick in the neck when the claimant tried to paint ceilings or climb a ladder. It is not clear from the evidence whether this neck complaint is a symptom of one of various multiple injuries sustained in the original injury or whether it is a result of awkward positions which the claimant was forced, by reason of his shoulder injury, to assume in performing the described acts which caused his neck pain. His doctor had no recollection or notes as to the claimant's having complained about his neck. If the evidence were sufficient to authorize a finding that the neck complaint was valid, that it resulted either directly from the original multiple injuries or was a superadded injury, and that it concurred with the shoulder injury in causing an economic loss to the claimant, then I believe an additional award, based upon *Code Ann.* § 114-405 (partial general disability), would be authorized, in which case the amounts under each Code section should be specifically and separately stated. As I have indicated, however, I do not think the evidence was sufficient to authorize a finding of any compensable injuries other than those relating to partial loss of use of the arm caused by the shoulder

680 injury. It has been held in some jurisdictions that "[w]here injury to one part of the body causes the loss of use of another part, compensation may be based on the loss of such use." 99 CJS 1131, Workmen's Compensation, § 314. While these cases do not say that compensation *must* be based on the loss of use, they nevertheless support my position that it may be. It seems to me that the controlling factor should be the actual result of the injury, rather than the exact situs of the injury. The injury here, although to the shoulder, resulted in a partial loss of the use of the arm. Of course, if the evidence shows *both* a loss of use of a member and a partial incapacity to work caused by the injury and not solely from the loss of use of the member, then the board is within its powers to award compensation under both *Code Ann.* §§ 114-406 and 114-405. See *Hartford Accident &c. Co. v. Brennan*, 85 Ga. App. 163 (1) (68 SE2d 170), and cit. Where such an award is made, however, it should state what percentage of the economic loss is caused by the loss of use of the member and deduct this amount from the amount awarded for partial incapacity to work, so as to avoid a double award for the same injury.

Where, as here, however, the evidence shows that the disability results from loss of use of a specific member, and there is no superadded injury or disease affecting other portions of the body, resulting in economic loss, compensation should be computed under *Code Ann.* § 114-406, providing schedules of compensation relating to loss of specific members, rather than *Code Ann.* § 114-405, providing for partial incapacity to work. See *Globe Indemnity Co. v. Brooks*, 84 Ga. App. 687, 688 (67 SE2d 176) and cit.