43399. LIBERTY MUTUAL INSURANCE COMPANY et al. v. HAYES.

BELL, Presiding Judge. 1. The parties in this workmen's compensation case entered into an agreement for the payment of compensation for total incapacity to labor. This agreement was approved by the board. The parties also entered into a supplemental agreement, which was approved by the board, purporting to terminate the employer's liability. As the latter agreement failed to stipulate facts sufficient to show a change in the claimant's condition, it was ineffective to change the compensation payable under the original agreement. *Nationwide Mut. Ins. Co. v. Hamilton*, 112 Ga. App. 452 (145 SE2d 645); *Taylor v. Sunnyland Packing Co.*, 112 Ga. App. 544, 546 (145 SE2d 587); *Simpson v. Travelers Ins. Co.*, 117 Ga. App. 43, 45 (159 SE2d 294).

2. Although it was the claimant who applied for a hearing to determine a change in condition, the burden was on the employer to show that the claimant was no longer totally incapacitated as appeared from the original approved agreement. *Employers Liab. Assur. Corp. v. Whitlock*, 111 Ga. App. 440, 442 (142 SE2d 77).

3. The employer argues that the evidence demanded a finding that the claimant's condition had changed from general incapacity to loss of use of a specific member and thus the disability was compensable under *Code Ann.* § 114-406 (o) providing for the loss of use of a leg, rather than under *Code Ann.* § 114-404 providing for incapacity to work. The evidence showed that claimant, a stock clerk in a grocery store, was injured when a stack of cases of canned goods fell on him, causing a back sprain and twisting his left leg. The injury aggravated a congenital degenerative defect of the left femur, which required surgery on claimant's hip. Aggravation of the pre-existing infirmity resulted in permanent disablement of the hip. Where an employee suffers an injury involving a specific member which also affects other

portions of the body and results in an incapacity to labor, he is entitled to compensation for the general disability. *Armour & Co. v. Walker,* 99 Ga. App. 64, 65 (107 SE2d 691). Cf., *Gulf American Fire &c. Co. v. Herndon,* 113 Ga. App. 678 (149 SE2d 404). The evidence here, showing that the injury resulted in an incapacity of claimant's hip, authorized an award of compensation for general disability under *Code Ann.* § 114-404. *National Surety Corp. v. Martin,* 86 Ga. App. 77, 79 (71 SE2d 666).

The superior court did not err in affirming the award.

*Judgment affirmed. Hall and Quillian, JJ., concur.*

ARGUED FEBRUARY 6, 1968—DECIDED MARCH 11, 1968—
REHEARING DENIED MARCH 28, 1968.

Greene, Buckley, DeRieux, Moore & Jones, Burt DeRieux, Raymond H. Vizethann, Jr., for appellants.

George & George, William V. George, for appellee.