### 73961. CITY OF ATLANTA v. GENTRY.
(360 SE2d 611)

POPE, Judge.

This is an appeal by the employer, City of Atlanta, from an order of the superior court which affirmed an award of the State Board of Workers' Compensation. The employee, Gentry, sustained a compensable injury to his back on January 2, 1980. After temporary total disability benefits were suspended, he returned to work. On the first day he returned, June 23, 1983, the employee again strained his back and was awarded temporary partial disability benefits for the second injury. Prior to the second injury the employee's physician granted him a ten percent disability rating to the body as a whole for the first injury. This appeal arises from the award of permanent partial disability benefits to the employee, pursuant to OCGA § 34-9-263, for injuries sustained in the first accident even though he is still receiving temporary partial disability benefits, pursuant to OCGA § 34-9-262, for the second accident.

It is clearly established that an employee may simultaneously receive benefits for permanent partial disability from one injury and temporary disability for another, separate injury. *Cedartown Nursing Home v. Dunn*, 174 Ga. App. 720 (2) (330 SE2d 905) (1985). This is also the case where a single accident results in multiple injuries to different parts of the body, one injury resulting in a permanent partial loss of function and one injury resulting in temporary partial incapacity to work. *Hartford Accident &c. Co. v. Brennan*, 85 Ga. App. 163 (1) (68 SE2d 170) (1951). This appeal presents the novel issue of whether two separate injuries to the same part of the body may also entitle the employee to simultaneous benefits.

Where, as here, a second injury arising out of a specific job-related incident aggravates a pre-existing condition which resulted from a prior job-related accident, "the second accident . . . is a new injury." *Central State Hosp. v. James*, 147 Ga. App. 308, 309 (248 SE2d 678) (1978). "OCGA § 34-9-263 (b) (2) . . . merely [provides] that an employee who suffers a single compensable injury shall not be entitled to permanent partial disability benefits for that injury, so long as he would be entitled to receive temporary total disability or temporary partial disability benefits as the result of that same injury." *Cedartown Nursing Home v. Dunn*, supra at 726-727. Here, there were two separate accidents resulting in two separate injuries, although to the same part of the body. As a result of the first injury the employee sustained a partial physical impairment from which he was released to return to work. As a result of the second injury the employee sustained an economic disability to work. "[A]n injured employee is not precluded from receipt of compensation for a permanent partial *physical* disability, while at the same time receiving compensation for a temporary total or partial *economic* disability which results from an entirely separate injury." Id. at 727. We hold that the same rationale applies even though the separate injuries were to the same part of the body.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JULY 14, 1987 —
REHEARING DENIED JULY 31, 1987 — ▮▮▮▮▮▮▮

*Marva Jones Brooks, Jo Avery Crowder, Kendric E. Smith*, for appellant.

*H. Clifton Woodson*, for appellee.