## TAYLOR v. WOODALL.

No. 11349.  September 19, 1936.

*John T. Coyle* and *J. O. Gibson,* for plaintiff in error.
*Hoyt H. Whelchel* and *Gunn & Hardell,* contra.

HUTCHESON, Justice.  J. L. Woodall, hereinafter referred to as employee, filed his petition in the superior court of Colquitt County on August 29, 1933, alleging that while in the employment of T. F. Taylor, hereinafter referred to as employer, he was injured; that a memorandum of agreement as to payment of compensation was entered into and approved by the Industrial Commission (Department of Industrial Relations), and a certified copy of the same was attached to the petition; that the insurance carrier was insolvent and failed and refused to pay the compensation provided for; and that payments had been made for 117 weeks only.  The plaintiff prayed that the court render judgment in accordance with the memorandum of agreement.  On April 1, 1935, by amendment it was alleged that 120 weeks compensation had been paid, and there was due the employee 55 additional weeks compensation; and judgment was prayed for said amounts.  Judgment was rendered, and notice of the same was duly given the employer.  On May 30, 1935, the employer made a motion to set aside the judgment, on the grounds that he had not been served with any process or notice of the pendency of said application for judgment, nor had he waived process or notice; and that section 60 of the workmen's compensation act of this State is violative of the due-process clauses of the State and Federal constitutions.  The court sustained a demurrer

to the motion, and refused to set aside the judgment. The employer excepted.

Headnote one is sufficient within itself and requires no elaboration. The question whether section 60 of the workmen's compensation act of this State, in providing for the rendition of a judgment on the memorandum of agreement approved by the Department of Industrial Relations, or a final order, decision, or award of the directors, is violative of the due-process clauses of the State and Federal constitutions (Code, §§ 2-103, 1-805), is one of first impression in this court. The courts of last resort of other States, however, have rendered decisions on attacks made on the same grounds against similar provisions in the statutes of those States. These decisions may be helpful in rendering a proper decision in the present case.

There is no merit in the contention of the plaintiff in error that the proceeding in the superior court is a suit, as that term is generally understood. The proceeding to enforce an award of the Department of Industrial Relations, or the memorandum of agreement, is not a separate suit, but is merely a continuation of the proceeding instituted before the Department of Industrial Relations. *Camp* v. *U. S. Fidelity &c. Co.*, 42 *Ga. App.* 653 (3) (157 S. E. 209). "The statute treats such an award, or an approved agreement, as equivalent to a finding of a court or verdict of a jury, and authorize the entering of a judgment by a . . superior court upon the basis of the award." Grant Coal Mining Co. *v.* Coleman, 204 Ind. 122 (179 N. E. 778). "A judgment or decree is the final result of a case, and its pronouncement necessarily follows the verdict. The losing party is bound to know that a decree will be entered upon the verdict, and no notice is required to be given him before it is signed by the judge. At his peril he must follow up this last incident of the trial and inform himself of the court's judgment on the verdict. If the decree be erroneous, his remedy is to except to it and have it reviewed." *Booth* v. *Mohr,* 125 *Ga.* 472, 474 (54 S. E. 147). The workmen's compensation act of this State is not a compulsory statute, but is what is termed a voluntary or elective statute. As a general rule, an attack on such a statute on the grounds that it denies due process of law is not sustained by the courts; this on the ground that the party complaining, having voluntarily submitted to the terms of

the statute, can not be heard to complain if the usual forms of legal process are denied him under such statute. See 71 C. J. 266, § 21. "The statutory provision for reducing an award of compensation to a judgment is new and strange. The idea that a court may first render a judgment and thereafter notify the parties strikes a lawyer as a genuine novelty; but upon reflection the mystery disappears. Every employer and every employee who fails to exempt himself from the provisions of the compensation law thereby constructively agrees to be bound by all the provisions of that law. . . One of the provisions of the law to which the parties thus agree is, that, in an appropriate case, an award by the industrial board may be reduced to a judgment without summons or any other prior notice from the court. The purpose of reducing an award of compensation to a judgment is obvious. It enables the person in whose favor compensation has been awarded to have execution in default of payment, and creates a lien on the property of the employer." Raggi v. H. G. Christman Co., 92 Ind. 337 (151 N. E. 833). The employer was in court by lawful process of the original award or memorandum of agreement, and, having failed in the first instance to exempt himself from the operation of the workmen's compensation act, is "obligated thereafter to take cognizance of the steps available to the petitioner [employee] by virtue of the various statutes; and in the absence of statutory provisions directing otherwise, no notice was required of the filing of the award," the rendition of judgment thereon upon good cause shown, and the issuance of execution based upon the judgment. Heldrich v. American Incubator Mfg. Co., 6 N. J. Misc. 525 (141 Atl. 770).

The statute of this State providing for an award based upon a memorandum of agreement expressly provides that if such memorandum of agreement is approved by the Department of Industrial Relations, it "shall for all purposes be enforced by decree or judgment of the superior court," as in the act specified. Code, § 114-705. Section 60 of the workmen's compensation act of this State provides that "Any party in interest may file, in the superior court" of the proper county, "a certified copy of a memorandum of agreement approved by the Department of Industrial Relations, or of a final order or decision of the directors, or of an award of the directors unappealed from, or of an award of the directors

affirmed upon appeal; whereupon said court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect, and all proceedings in relation thereto shall thereafter be the same, as though said judgment had been rendered in a suit duly heard and determined by said court: Provided, however, that where the payment of compensation is insured or provided for in accordance with the provisions of this title, no such judgment shall be entered nor execution thereon issued, except upon application to the court and for good cause shown. Upon presentation to the court of a certified copy of a decision of the department ending, diminishing, or increasing a weekly payment under the provisions of this title, particularly of section 114-709, the court shall revoke or modify the order or decree to conform to such decision of the department." While in cases where the payment of compensation is insured, as in the present case, provision is made for application to the court and for the showing of good cause before judgment shall be rendered upon the award, we do not think this provision, under the principles above announced, makes any substantial difference in so far as the constitutionality of the statute is concerned, as against the attack made upon it in the present case. So long as good cause is shown, such as insolvency of the insurance carrier and failure to pay the award, the court is authorized to render judgment against the employer, he being under the terms of the statute primarily liable thereon. *Savannah Lumber Co.* v. *Burch,* 165 *Ga.* 706 (142 S. E. 83). It appears from the record and the order and judgment of the court in the present case that such facts were shown, and the same are not controverted by the motion to set aside the judgment. The plaintiff in error, however, contends that in the event an award is paid prior to the rendition of a judgment thereon, the employer is denied the opportunity to set up such fact, and is thus deprived of his property without due process of law. Section 60, supra, provides for such a contingency, and allows for the revoking, increasing, or diminishing of the judgment in accordance with the ending, increasing, or diminishing of the award. Section 56 (Code § 114-706) provides that "if the employer and the injured employee or his dependents fail to reach an agreement in regard to compensation under this title, or if they have reached such an agreement which has been signed and filed with the Department of

Industrial Relations, and *compensation has been paid* [italics ours] or is due in accordance therewith, and the parties thereto then disagree as to the continuance of any weekly payments under such agreement, either party may make application to the department for a hearing in regard to the matters at issue and for a ruling thereon." Under this section, if any part or all of the award has been paid, the employer may make application to the Department of Industrial Relations, and upon proper proof have the award diminished or ended, and, under the last clause of section 60, have the judgment revoked or modified accordingly. It follows that the statute is constitutional as against the attack made upon it. The court did not err in sustaining the demurrer and in dismissing the motion to set aside the judgment.

*Judgment affirmed. All the Justices concur.*