34036. PRIEST *v.* EXPOSITION COTTON MILLS.

DECIDED JUNE 20, 1952.

*Ralph C. Brown,* for plaintiff in error.

*John M. Slaton, J. Hugh Rogers,* contra.

SUTTON, C.J. The claimant conceded in his application for a review of the settlement agreement that such application, on the ground of a change in condition alone, was made too late. Code (Ann.), § 114-709; *Kirkland* v. *Employers Liability Assurance Corp.,* 69 *Ga. App.* 433 (25 S. E. 2d, 723). He moved to set aside the settlement on the ground that it was procured

by fraud. The board apparently recognized that even if the approved settlement agreement had been procured by fraud, it could not be reviewed on that ground more than two years after notice of final payment of compensation under the agreement had been sent to the board (*Sutton* v. *Macon Gas Co.*, 46 *Ga. App.* 299 (2), 167 S. E. 543), for in the notice of hearing it was stated that "Claimant alleges fraud, prevents running of statute." This was also stated as one of the purposes of the hearing by the deputy director who conducted the hearing. There is a difference between fraud that will entitle a person to rescind a contract and fraud that tolls the running of the statute of limitations, as pointed out in the case of *Middleton* v. *Pruden*, 57 *Ga. App.* 555, 560 (196 S. E. 259). In his findings of fact, the deputy director found only that the evidence did not show any denial or rebuttal of the claim that the fraud of the employer or its insurance carrier had prevented the running of the statute of limitations. The deputy director did not make a finding that there had been such fraud practiced upon the claimant as would suspend the operation of the statute of limitations, and if such a finding had been made, it would not have been supported by the evidence in the record.

Mere ignorance of facts constituting a cause of action does not prevent the running of a statute of limitations. *Davis* v. *Boyett*, 120 *Ga.* 649 (48 S. E. 185, 66 L. R. A. 258, 102 Am. St. R. 118, 1 Ann. Cas. 386); *Ponder* v. *Barrett*, 46 *Ga. App.* 757 (2) (169 S. E. 257). But where such facts are fraudulently concealed by the other party, as where some trick or artifice has been employed to prevent inquiry or elude investigation, or to mislead and hinder a party who has a cause of action from obtaining information, and where there is more than a mere failure to disclose, or else where there is a duty to make a disclosure, the bar of the statute will be relieved. *Middleton* v. *Pruden*, 57 *Ga. App.* 555, 560, supra; *American National Bank of Macon* v. *Fidelity & Deposit Co.*, 131 *Ga.* 854 (63 S. E. 622, 21 L.R.A. (N.S.) 962); Code, § 3-807; *Maxwell* v. *Walsh*, 177 *Ga.* 467 (43 S. E. 704); *Anderson* v. *Foster*, 112 *Ga.* 270 (37 S. E. 426).

In the present case, it appears from the claimant's testimony that his employer allowed him to sign a compensation agreement

and a final settlement receipt which contained recitals that the claimant was only disabled for a period of a little more than a week. The claimant recalled receiving one check for $17 or $18, but did not know whether it was pay for his work, a benefit payment under an insurance policy, or compensation for his injury. However, the claimant must have known that he was receiving no more such checks after he had received that one. It appears that he returned to work for a few days before he was able to do so, according to his daughter's testimony, and then was not working for a year, although this was because the employer had no work for him to do when he was again able to work and not because the claimant was incapacitated during all of that time. The claimant then worked for a year, and it was during this time that his right to reopen the agreement on the ground of a change of his condition became barred by the statute.

If the representatives of the company failed to disclose the nature of the agreement which the claimant entered into, even assuming that there was a duty upon them to make such disclosure, it does not appear that the rights of the claimant were prejudiced thereby or that he was deterred from taking action to enforce his rights. While the claimant testified that he didn't know he was receiving compensation for his injury, he did not show that he had made any other attempt to obtain compensation within the year following his injury. The claimant's contention seems to be that the company failed to advise him of his rights to compensation, and not that its representatives fraudulently concealed from him the facts giving rise to his rights. While it is regrettable that the claimant, aged and illiterate, was not advised as to his rights, it was not the company's duty to do so. It does not appear that the claimant made any inquiry as to his rights until more than three years after his injury and his receipt of compensation therefor, when his right to seek additional compensation for a change in condition (Code, Ann., § 114-709), or to have the agreement reconsidered by the board on other grounds (*Georgia Marine Salvage Co.* v. *Merritt*, 82 *Ga. App.* 111, 60 S. E. 2d, 419), was barred. No conduct of the company or of its insurance carrier is shown to have prevented the claimant from making such inquiry, so as to suspend the operation of the statute limiting the time in which the claimant could reopen the agreement.

As the award of additional compensation by the deputy director was not supported by his findings, and as there was no evidence to support the necessary but omitted finding that there had been such fraud practiced by the company or its insurance carrier as would suspend the running of the statute limiting the claimant's right to reopen the approved compensation agreement, it being conceded by the claimant that such period of two years had expired, the State Board of Workmen's Compensation did not err in reversing its previous award and the award of the deputy director, and the superior court properly affirmed the decision of the full board, denying additional compensation to the claimant.

*Judgment affirmed. Felton and Worrill, JJ., concur.*