37019.   FIREMAN'S FUND INDEMNITY COMPANY *et al.*
*v.* WADE.

DECIDED JANUARY 21, 1958—
REHEARING DENIED FEBRUARY 5, 1958.

126

*Smith, Field, Doremus & Ringel, Palmer H. Ansley, Richard D. Carr, F. H. Boney,* for plaintiffs in error.

*Robert Edward Surles,* contra.

GARDNER, Presiding Judge. Code § 114-711 sets out the method for appeal from the State Board of Workmen's Compensation to a superior court. That section provides that there can be no legal judgment rendered against the employer if the payments are insured, except upon a showing of good cause. Counsel for the defendants claim that no good cause was shown. Counsel cites

*Taylor* v. *Woodall*, 183 *Ga.* 122, 125 (187 S. E. 697) wherein the Supreme Court said: "So long as good cause is shown, such as insolvency of the insurance carrier and failure to pay the award, the court is authorized to render judgment against the employer, he being under the terms of the statute primarily liable thereon." In the instant case it was shown that the claimant was in financial need, demand had been made on two occasions for payment and payment refused. This constituted good cause. It will be noted in *Taylor* v. *Woodall*, supra, the employer made a motion to set aside the judgment because "he had not been served with any process or notice of the pendency of said application for judgment, nor had he waived process or notice." Headnote 1 of that case reads: "Section 60 of the Georgia Workmen's Compensation Act (Ga. L. 1920, p. 200; Code § 114-711), providing for the rendition of a judgment in the superior court based upon a memorandum of agreement approved by, or award of, the Department of Industrial Relations, does not provide for notice of, or hearing on, the proceedings in the superior court." Moreover, that case was brought to the appellate court for a decision on a constitutional question. It follows that *Taylor* v. *Woodall*, supra, does not support the contentions of the defendants. Counsel for the claimant cites *Durham Iron Co.* v. *Durham*, 62 *Ga. App.* 361, 373 (7 S. E. 2d 804) wherein this court said: "The Workmen's Compensation Act does not provide for notice to the employer of, or for a hearing on, the proceeding in the superior court, and the judgment entered 'shall have the same effect, and all proceedings in relation thereto shall thereafter be the same, as though said judgment had been rendered in a suit duly heard and determined by said court.'"

In regard to the employer, counsel for the defendants cite *Savannah Lumber Co.* v. *Burch*, 165 *Ga.* 706 (142 S. E. 83). The facts of that case are not in line with the facts in the instant case and are not binding authority for reversal. Code § 114-711 provides in part: "Any party in interest may file in the superior court . . . whereupon said court shall render judgment in accordance therewith and notify the parties." Apparently the notice mentioned in *Savannah Lumber Co.* v. *Burch*, supra, was the same notice referred to in that Code section and the Code section refers to the notice *after* judgment. Also in that case the

court held that in case of an award against an employer, where the employer fails to comply with the terms of the award, such award may be enforced by suit and judgment in a superior court. The pending hearing on change of condition had nothing to do with moneys due. See Code § 114-709. The contention that this court should set aside the verdict and decree of the superior court has been ruled adversely to the contentions of the defendants in *Conway* v. *Gower*, 208 *Ga.* 348 (66 S. E. 2d 740) wherein the Supreme Court stated in clear language that a motion to set aside a judgment must be based on some meritorious reason. Attorney's fees is not a basis for refusal of the carrier to honor the award, since the carrier is not a party to the fee approval and is not interested in the division of the moneys between the attorney and the claimant. It is the custom to show the name of claimant's attorney as a joint payee on a compensation draft, thus protecting the carrier against duplicate payments; particularly is this true where there is any doubt regarding to whom the payments are payable.

The court did not err in the verdict and judgment of November 6, 1957, nor did the court err in denying the motion to set aside and vacate the order of the court dated November 6, 1957, nor did the court err in the ruling regarding the rule nisi.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*