## 38857.   BITUMINOUS CASUALTY CORPORATION
### *et al.* v. VAUGHN.

EBERHARDT, Judge.   Doyle N. Vaughn, an employee of Superior Rigging & Erecting Co.; suffered an injury in the course of his employment resulting in a hernia.   The employer and its insurance carrier entered into an agreement with the employee for the payment of compensation, which was filed with and approved by the Board of Workmen's Compensation on May 27, 1958.   Payments were made pursuant thereto until July 16, 1958, when the physician who had operated on the employee for the hernia reported to the employer and the insurance carrier that a recovery had been effected, and the compensation payments were then stopped.   The insurance carrier notified the employee by letter of the doctor's report and of the fact that payments of compensation were being stopped, and requested the employee to sign and return for filing with the board an agreement and Final Receipt Form.   The form was never signed, returned or filed with the board. Neither the employer, the insurance carrier nor the employee ever requested any hearing on the matter by the board.   More than two years later, in January, 1961, the employee filed suit in Fulton Superior Court seeking a judgment for unpaid instalments of compensation from the time the payments were terminated.   The employer and insurance carrier filed their answer in which they set up the equitable defense that there had been a change of condition, in that the employee had in fact effected a recovery from his hernia and had been working for another employer since the payments were terminated, that no request for a hearing had been made by the employer or the insurance carrier because the employee had made no objection to the termination of the payments, had made no such request himself, that by his action and conduct there was an implied agreement on his part that he had accepted the payments made in full and final settlement, and that to permit the employee to have judgment at this time for the alleged accruing and unpaid instalments would result in his unjust enrichment.

Under such circumstances the employer or its insurance car-

rier can have no defense except by virtue of (1) a final settlement receipt or other like agreement between the parties changing the terms of the original agreement, approved by the board, or (2) evidence that the statutory amount, or the amount called for by the agreement, has been paid in full, or (3) an order of the board changing or allowing a discontinuance of the compensation. *American Cas. Co. v. Herron,* 102 Ga. App. 658 (117 S. E. 2d 172). An answer setting up the equitable defense such as here will not avail, for "equity aids the vigilant, not the slothful." *Raines v. Clay,* 161 Ga. 574, 578 (131 S. E. 499). No sufficient reason appears why, if a final disposition of the matter was desired, the employer or the insurance carrier did not request a hearing by the board, as it was authorized by law to do, and failure so to do was at their own peril. *City of Hapeville v. Preston,* 67 Ga. App. 350 (20 S. E. 2d 202). See also *Complete Auto Transit v. Davis,* 101 Ga. App. 849 (115 S. E. 2d 482). There was no error in striking the answer on motion and entering up judgment for the unpaid instalments.

*Judgment affirmed. Carlisle, P. J., and Nichols, J., concur.*

DECIDED MAY 10, 1961.

*Wilson, Branch & Barwick, M. Cook Barwick, Thomas S. Bentley,* for plaintiffs in error.

*Bass, Burger, Kidd & Rich, Casper Rich,* contra.