41432. NATION v. PACIFIC EMPLOYERS INSURANCE
COMPANY et al.

41433. TOLBERT v. PACIFIC EMPLOYERS INSURANCE
COMPANY et al.

ARGUED JULY 6, 1965—DECIDED SEPTEMBER 8, 1965—
REHEARING DENIED SEPTEMBER 28, 1965.

*Mundy & Gammage, E. Lamar Gammage, Jr.,* for plaintiffs in error.

*Long, Weinberg & Ansley, Palmer H. Ansley, Smith, Ringel, Martin & Lowe, Charles L. Drew,* contra.

HALL, Judge. 1. The defendant's motion to dismiss the writ of error is denied. The decision in *Echols v. Time Motor Sales, Inc.,* 111 Ga. App. 554 (142 SE2d 324) is not controlling in the present cases, in which the plaintiff has assigned error on each of the orders listed in the bills of exceptions.

2. The claimant brought an action in the superior court seeking a judgment as provided by *Code* § 114-711 for payments due under an agreement made in 1957 for the payment of compensation. The petition alleged that some weekly payments were made under the agreement and the claimant returned to work for the employer and worked for some weeks or months until his employment was terminated. The agreement between the claimant and the employer attached as an exhibit to the petition was executed on a standard form providing that the claimant should receive compensation at $30 per week from January 14, 1957, "until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Georgia." The petition does not show that the agreement filed with and approved by the board was changed by either a new award or a settlement or new agreement approved by the board. The trial court erred in sustaining the defendant's general demurrer on the ground that the petition failed to show a cause of action. *Guess v. Liberty Mut. Ins. Co.,* 219 Ga. 581, 582 (134 SE2d 783); *American Cas. Co. v. Herron,* 102 Ga. App. 658, 660 (117 SE2d 172); *Bituminous Cas. Corp. v. Vaughn,* 103 Ga. App. 660 (120 SE2d 190); *United States Fidelity &c. Co. v. Davis,* 108 Ga. App. 76, 78 (132 SE2d 109); cf. *Employers Mut. Liab. &c. Co. v. Whitlock,* 111 Ga. App 440 (142 SE2d 77), certiorari denied July 13, 1965.

3. The defendant employer filed an answer in which it alleged that the claimant had returned to work performing his regular duties, at his regular wage, had fully recovered and had no further disability attributable to the accidental injury which was the subject of the agreement; that when the claimant

returned to work it filed with the board a supplemental report of injury and also a compensation settlement receipt; and that the claimant's employment was terminated because of modernization of the plant and consequential reduction of work force. The exhibit attached to the answer does not show that the compensation settlement receipt was approved by the board. The trial court erred in overruling the plaintiff's motion to strike the answer in each case. *Campbell Coal Co. v. Render,* 48 Ga. App. 547, 548 (173 SE 245) ; *Sears, Roebuck & Co. v. Griggs,* 48 Ga. App. 585, 586 (173 SE 194) ; *Employers Mut. Liab. &c. Co. v. Whitlock,* 111 Ga. App. 440, supra.

4. *Code* § 110-1001 provides that a judgment shall become dormant and unenforceable seven years after its rendition unless execution has been issued and entered on the general execution docket. This statute is not applicable to an agreement between a workmen's compensation claimant and his employer approved by the State Board of Workmen's Compensation. Accord *Cleveland v. Cleveland,* 197 Ga. 746 (30 SE2d 605). Though the opinions in the cases cited above in Division 2 contain language to the effect that an award or approved agreement is a "judgment of the compensation board" and "has the same force and effect" as a judgment, these statements refer to the effect of the award or agreement as res judicata—a final determination of the issues which were before the board when it made the award or approved the agreement. *Guess v. Liberty Mut. Ins. Co.,* 219 Ga. 581, supra; *Employers Mut. Liab. &c. Co. v. Derwael,* 105 Ga. App. 54, 56 (123 SE2d 345). Such statements do not mean that the award or agreement is a judgment itself enforceable by execution, as are the judgments contemplated by *Code Ann.* § 110-1001. See *Durham Iron Co. v. Durham,* 62 Ga. App. 361, 373 (7 SE2d 804).

The trial court erred in sustaining the defendant's general demurrer on the ground that any cause of action alleged arose more than seven years before the suit and was barred by law and specifically by *Code* § 110-1001, as amended by Ga. L. 1955, pp. 417, 418 (*Code Ann.* § 110-1001):

The right of action upon an award of the Workmen's Compensation Board, or an agreement between the parties approved

by the board, is given by statute (*Code* § 114-711), and the statute does not prescribe a time limitation for bringing the action. The defendant's demurrers do not present the question whether the plaintiff's action is barred for any reason other than the lapse of seven years before suit was filed, and we do not in this case decide what period of limitation is applicable to the action prescribed by *Code* § 114-711. We note, however, that Ga. L. 1855-56, p. 234, as amended by Ga. L. 1943, p. 333 (*Code Ann.* § 3-704), provides that suits for the enforcement of rights accruing to individuals under statutes shall be brought within 20 years after the right of action shall have accrued.

5. The trial court did not err in sustaining the special demurrer in case No. 41433 on the ground that the petition shows that the claimant's claim for compensation for total incapacity to work for the maximum period provided by *Code* § 114-404, as amended, Ga. L. 1937, pp. 528, 531; 1949, pp. 1357, 1358; 1955, pp. 210, 211; 1963, pp. 141, 145 (*Code Ann.* § 114-404) is not recoverable because the agreement shows his injury was to a specific member (laceration of the right foot). The courts have held that when the agreement shows that the claimant's injury was to a specific member, the period for which compensation is payable is determined by *Code* § 114-406 as amended, Ga. L. 1955, pp. 210, 212; 1958, p. 360; 1963, pp. 141, 147 (*Code Ann.* § 114-406). *Travelers Ins. Co. v. Reid,* 178 Ga. 399 (173 SE 376); *National Surety Corp. v. Nelson,* 99 Ga. App. 95, 96 (107 SE2d 718); *Employers Mut. Liab. &c. Co. v. Derwael,* 105 Ga. App. 54, supra. The agreement in this case shows only that the claimant's foot was injured. Accordingly, the compensation recoverable by him would be limited to the period provided by *Code Ann.* § 114-406.

In each case the judgments sustaining the general demurrers to the petition and overruling the plaintiff's motion to strike the answer are reversed. In case No. 41433, the judgment sustaining the special demurrers is affirmed.

*Bell, P. J., and Frankum, J., concur.*