41508. NATIONWIDE MUTUAL INSURANCE COMPANY et al. v. HAMILTON.

Argued September 13, 1965—Decided September 22, 1965—
Rehearing denied October 15, 1965.

Samuel F. Maguire, Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher, for plaintiffs in error.

Thurmond, Hester, Jolles & McElmurray, Thomas R. Burnside, Jr., contra.

HALL, Judge. After there has been an award or approved agreement for the payment of compensation, an award of the board changing the compensation is not authorized unless there is sufficient evidence to support a finding that the claimant's condition has changed since the original award or agreement. *Phinese v. Ocean Accident &c. Corp.*, 81 Ga. App. 394 (58 SE2d 921); *Sinyard v. Stokes*, 82 Ga. App. 454, 457 (61 SE2d 504); *Fletcher v. Aetna Cas. &c. Co.*, 95 Ga. App. 23, 24 (96 SE2d 650); *Fralish v. Royal Indemnity Co.*, 53 Ga. App. 557 (186 SE 567). It follows that, if the parties to the original award can enter into a new agreement effecting a change in the compensation payable, the approval of such an agreement by the board is not authorized unless the agreement stipulates facts showing that the claimant's condition has changed since the original award or agreement. Accord *Sears, Roebuck & Co. v. Wilson*, 215 Ga. 746, 751 (113 SE2d 611); *Fidelity & Cas. Co. v. Parham*, 218 Ga. 640, 642 (129 SE2d 868); *Hartford Accident &c. Co. v. Webb*, 109 Ga. App. 667, 669 (137 SE2d 362).

There is in the record of this case a medical report showing that the claimant had injuries to his right arm and shoulder, ribs, and head, received medical treatment, and had a 50% permanent disability of his right shoulder.

The employer argues that this medical report accompanied the second agreement and shows that the claimant's condition changed after the original agreement. The record does not show that the medical report was a part of the second agreement.

Judgment affirmed. Bell, P. J., and Frankum, J., concur.