41581.   TAYLOR v. SUNNYLAND PACKING COMPANY.

SUBMITTED OCTOBER 5, 1965—DECIDED NOVEMBER 10, 1965.

*Saul Blau,* for plaintiff in error.

*Altman & Johnson, Charles F. Johnson,* contra.

EBERHARDT, Judge. An agreement to pay compensation approved by the board amounts to an award for compensation in terms of the agreement. *Code* § 114-705. In the absence of an appeal it is res judicata as to the obligation of the employer to pay compensation thereunder. *Manus v. Liberty Mut. Ins. Co.,* 100 Ga. App. 289 (111 SE2d 103). That obligation continues until full payment has been made in terms of the Workmen's Compensation Act, or until the award is changed upon an application based upon some change in the employee's physical condition. *Aetna Cas. &c. Co. v. Dunagan,* 111 Ga. App. 801 (143 SE2d 423). A settlement agreement is not binding, though filed with the board, until it has been approved. *Code* § 114-106, as amended by the Act of 1963 (Ga. L. 1963, pp. 141, 142; *Code Ann.* § 114-106). The agreement of March 8, 1964, not having been approved, is not binding and does not affect the liability of the employer to make compensation payments. An adjudication of a change in condition does not result from an approved agreement unless facts are stipulated in it showing a change in the employee's condition. *Nationwide Mut. Ins. Co. v. Hamilton,* 112 Ga. App. 452. "The fact that each time the claimant went back to work he signed an agreement reciting that 'liability for temporary total disability ceased on' the day he returned to work and this agreement was approved by the board, does not amount to a finding or an award that total disability itself had ceased but merely that the employer, while the claimant was employed at his usual wage, was not liable for disability payments." *Employers &c. Assur. Corp. v. Whitlock,* 111 Ga. App. 440, 442 (142 SE2d 77). We regard this declaration as a holding that during the period or periods when the employee is back on the job with his employer at his usual wage the employer is entitled to credit against his liability for compensation during that time. But if the employment is terminated, whether voluntarily or otherwise, the liability continues until an award discharging or changing the liability is entered based

upon a change in the employee's condition, and that award is effective only from the time it is applied for.

The record in this case does not indicate that any application for a change in the award, as represented by the approved agreement to pay compensation, has been made. Consequently, the employer's liability for compensation payments continues and the employee is entitled to have judgment entered in his behalf for all accrued payments for which the employer is not entitled to credit.

The determination as to what credits the employer may be entitled to is one to be made by the Board of Workmen's Compensation. *Code* §§ 114-711, 114-715. See *Taylor v. Woodall,* 183 Ga. 122, 125 (187 SE 697); *Fireman's Fund Ind. Co. v. Wade,* 97 Ga. App. 125 (1, 2) (102 SE2d 640); *Carpenter v. Newcomb Devilbiss Co.,* 111 Ga. App. 472 (2) (142 SE2d 381).

In the posture here the superior court can do no other than enter judgment upon the basis of a certified copy of the award, or the approved agreement which amounts to an award, less any credits admitted by applicant. Cf. *Bituminous Cas. Co. v. Vaughn,* 103 Ga. App. 660 (120 SE2d 190). If the employer contends there are additional credits to which it is entitled, the remedy lies with the board, or by affidavit of illegality. If, upon application for a determination of that matter, the board renders an award by which the amount due is other than that for which judgment has been rendered, the employer may apply to the superior court, presenting a certified copy of the new award, and have the judgment modified accordingly.

*Judgment reversed. Nichols, P. J., and Pannell, J., concur.*