41637. JENKINS v. RELIANCE INSURANCE COMPANY et al.

Argued November 4, 1965—Decided January 28, 1966.

*O. L. Crumbley*, for appellant.

*Harris, Russell & Watkins, Philip R. Taylor*, for appellee.

Bell, Presiding Judge. "Where an employee files an application in the superior court for a judgment and execution under the provisions of *Code* § 114-711, and upon the trial thereof

it appears that the employer and insurance carrier have failed or refused to pay all of the compensation due under the award or pursuant to the approved agreement . . . the court has no discretion in the matter and it is mandatory that it enter judgment and issue execution for the amount shown by the evidence to be due." *Sanders v. American Mut. Liab. Ins. Co.,* 105 Ga. App. 472, 473 (124 SE2d 923).

In the hearing upon a claimant's application for judgment upon an approved agreement or an award of the board, "The employer or its insurance carrier can have no defense except by virtue of (1) a final settlement receipt or other like agreement between the parties changing the terms of the original agreement, approved by the board, or (2) evidence that the statutory amount, or the amount called for by the agreement [or award] has been paid in full; or (3) an order of the board changing or allowing discontinuance of the compensation." *Bituminous Cas. Co. v. Vaughn,* 103 Ga. App. 660 (120 SE2d 190). See also: *American Cas. Co. v. Herron,* 102 Ga. App. 658, 659 (1) (117 SE2d 172); *Armour & Co. v. Youngblood,* 107 Ga. App. 505, 508 (130 SE2d 786). To these three defenses may be added a fourth, namely (4) evidence that the employer has filed an application for a hearing upon a change of condition. *Crowe v. Quilted Textile Corp.,* 113 Ga. App. 68. Evidence of compensability under the Act is irrelevant, and the superior court has no authority to hear and decide any issue of fact respecting the right of the employee to receive compensation for a period prior to termination of the award or approved agreement. *Sanders v. American Mut. Liab. Ins. Co.,* supra, at p. 474 (2). "The function of the superior court as provided in *Code* § 114-711 is to enforce, not to change, the awards." *City of Hapeville v. Preston,* 67 Ga. App. 350, 357 (20 SE2d 202).

The award of November 17, 1964 in Claim No. 389-P was entered in a proceeding separate and independent from Claim No. 14996-P. It did not constitute "an order of the board changing or allowing discontinuance of the compensation" in Claim No. 14996-P. The superior court was not authorized to consider either the award in Claim No. 389-P or the evidence adduced in that claim. It does not appear that the agreement

approved in Claim No. 14996-P has ever been modified or terminated according to law or that an application has ever been filed for a hearing based upon a change of condition.

The "good cause" required by *Code* § 114-711 is shown in the record by defendant's appearance and pleading to the effect that it is not liable for a portion of the award which would have accrued to claimant. This amounts to an admission of failure to pay part of the award, and no evidence is necessary under the circumstances. Thus the claimant is entitled to have judgment upon the approved agreement precisely according to the terms of the agreement.

*Judgment remanded with direction that the superior court render judgment consistent with this opinion. Frankum and Hall, JJ., concur.*