## 42555.   AETNA CASUALTY & SURETY COMPANY et al. v. GROOVER.

ARGUED JANUARY 10, 1967—DECIDED MARCH 15, 1967.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Warner R. Wilson, Jr.,* for appellants.

*Archer, Patrick & Sidener, Griffin Patrick, Jr.,* for appellee.

QUILLIAN, Judge. 1. The employer contends that the claimant's application for a hearing should have been dismissed because it was filed on September 2, 1965, which was not within two years from the date the supplemental agreement and final settlement receipt were filed with the board. *Code* § 114-709, as amended (Ga. L. 1937, pp. 230, 233; Ga. L. 1937, pp. 528, 534, Ga. L. 1943, pp. 167-169), provides: "Upon their own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, *the State Board of Workmen's Compensation may, within two years from the date that the Board is notified of the final payment of claim, review any award or any settlement made between the parties and filed with the Board,* and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded or agreed upon, subject to the maximum or minimum provided in this Title, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid." (Emphasis supplied.)

The question for determination is whether the filing of the supplemental agreement and the final settlement receipt constituted notice to the board of the final payment of the claim as provided in the above quoted statute. The question is answered in the affirmative. This case is controlled by *Priest v. Exposition Cotton Mills,* 86 Ga. App. 301 (71 SE2d 743) in which it was held that an application for a hearing which was filed more than two years from the date of the filing of a supplemental agreement and final settlement receipt was barred.

Nothing held herein is in conflict with *Taylor v. Sunnyland Packing Co.*, 112 Ga. App. 544 (145 SE2d 587), which dealt primarily with whether the filing of a supplemental return to work agreement constituted a change in claimant's condition. Whereas, in the case sub judice, as it was in the *Priest* case, the issue before the court is whether the filing of the supplemental agreement and final settlement receipt was sufficient to comply with the condition precedent prescribed in *Code Ann.* § 114-709 and thereby cause the two year limitation period to begin.

The judge of the superior court erred in affirming the award of the State Board of Workmen's Compensation.

*Judgment reversed. Frankum, P. J., and Deen, J., concur.*