43011.   SIMPSON v. TRAVELERS INSURANCE
COMPANY et al.

SUBMITTED SEPTEMBER 7, 1967—DECIDED DECEMBER 5, 1967—REHEARING DENIED DECEMBER 20, 1967—CERT.

44

*Harrison, Martin & Childs, John S. Harrison,* for appellant.
*Hull, Towill & Norman, Julian B. Willingham,* for appellees.

BELL, Presiding Judge. The proceeding to enforce an award of the Workmen's Compensation Board or an approved agreement pursuant to *Code* § 114-711 is not a separate suit but is merely a continuation of the proceeding instituted before the board. *Camp v. U. S. Fidelity &c. Co.,* 42 Ga. App. 653 (3) (157 SE 209); *Durham Iron Co. v. Durham,* 62 Ga. App. 361, 373 (7 SE2d 804). The Workmen's Compensation Act does not provide for process or notice to the employer and carrier or for

a hearing in the proceeding to enforce the award or agreement. *Taylor v. Woodall,* 183 Ga. 122 (1) (187 SE 697); *Fireman's Fund Indem. Co. v. Wade,* 97 Ga. App. 125, 127 (102 SE2d 640).[1]

An approved agreement to pay compensation has the same status as an award of the board unappealed from or an award affirmed upon appeal, and is res judicata as to the obligation of the employer to pay compensation thereunder. *Code* § 114-705; *Lumbermen's Mut. Cas. Co. v. Cook,* 195 Ga. 397, 400 (24 SE2d 309). That obligation continues until, (1) full payment has been made of all compensation provided by the agreement or, (2) a subsequent award is made by the board based on some change in the claimant's physical condition or (3) a new agreement based on some change in the claimant's physical condition is entered into and is approved by the board. *Taylor v. Sunnyland Packing Co.,* 112 Ga. App. 544, 546 (145 SE2d 587). The approval of an agreement providing for a change in the compensation payable under an original award or agreement is not authorized unless the new agreement stipulates facts showing that the claimant's condition has changed since the original award or agreement. *Nationwide·Mut. Ins. Co. v. Hamilton,* 112 Ga. App. 452 (145 SE2d 645). Statements in the new agreement showing that claimant has returned to work on a certain date and providing that liability for total disability ceased at that time are not sufficient to show a change in the claimant's physical condition. *Employers &c. Assur. Corp. v. Whitlock,* 111 Ga. App. 440, 442 (142 SE2d 77); *Taylor v. Sunnyland Packing Co.,* 112 Ga. App. 544, 546, supra. Where, as here, the supplemental agreement fails to stipulate facts sufficient to show a change in condition, it follows that the new agreement, though approved by the board, is ineffective to change the compensation payable under the original award or agreement.

*Aetna Cas. &c. Co. v. Groover,* 115 Ga. App. 418 (154 SE2d

---

[1] If a hearing is held, the defenses which may be urged are limited to those enumerated in *Jenkins v. Reliance Ins. Co.,* 113 App. 70, 72 (147 SE2d 343). Disputed issues of fact may be determined only by the board. *Carpenter v. Newcomb Devilbiss Co.,* 111 Ga. App. 472 (2) (142 SE2d 381).

828), relied on by the employer and carrier, is not applicable here. That case merely held that the filing of a supplemental agreement and final settlement receipt was sufficient to comply with the condition precedent prescribed in *Code Ann.* § 114-709 and thereby cause the two-year limitation against an application for a hearing upon a change in condition to begin running against the claimant.[2] It did not determine the question of liability under the original agreement. *Code* § 114-711 does not prescribe a time limitation upon an application for judgment pursuant to that section. But see *Nation v. Pacific Employers Ins. Co.*, 112 Ga. App. 380, 382 (4) (145 SE2d 265) and Ga. L. 1855-56, p. 234, as amended by Ga. L. 1943, p. 333 (*Code Ann.* § 3-704), which provides that suits for the enforcement of rights accruing to individuals under statutes shall be brought within 20 years after the right of action shall have accrued.

The record in this case does not indicate that any application has been made for a change in the award, as represented by the original agreement. Consequently, the employer's liability for compensation payments continues, and claimant is entitled to judgment in accordance with the original agreement. The court erred in vacating its order of March 29, 1967, and in subsequently denying claimant's application. The judgment will be reversed with direction that the judgment of March 29, 1967, be reinstated.

*Judgment reversed with direction. Whitman, J., concurs. Pannell, J., concurs specially.*

---

[2]Apparently the *Groover* case did not consider the facts that final settlement receipt, which was held to constitute final notice of the claim as required by *Code Ann.* § 114-709, expressly showed that only a small portion of the claim had been paid, rather than final payment of the full amount of the claim as determined by the original agreement; that the supplemental agreement there failed to stipulate facts sufficient to show a change in condition and that in *Priest v. Exposition Cotton Mills*, 86 Ga. App. 301 (71 SE2d 743), which *Groover* followed, the claimant had conceded that his application for a hearing upon a change in condition was barred in the absence of fraud in procuring the settlement agreement receipt.

PANNELL, Judge, concurring specially. I concur in the judgment but cannot concur in the distinction made of *Aetna Cas. &c. Co. v. Groover,* 115 Ga. App. 418 (154 SE2d 828). That case in my opinion is in direct conflict with what we hold here and what was held in *Taylor v. Sunnyland Packing Co.,* 112 Ga. App. 544, 546 (145 SE2d 587), and therefore should be overruled.