## 44142. HARTFORD ACCIDENT & INDEMNITY COMPANY et al. v. HALE.

JORDAN, Presiding Judge. The claimant filed an application in Murray Superior Court under the provisions of *Code* § 114-711 for a judgment based on an award of the State Board of Workmen's Compensation dated January 22, 1968. He alleged that the defendants were in default on eight weekly payments of $30 each due subsequent to the period ending May 22, 1968, and that he had "repeatedly notified the insurance carrier in writing that he continues to be unable to work and without any kind of earnings." The findings of fact on which the award is based include the comment of a deputy director that "claimant should also note that under *Code* § 114-405, which I believe applies here, he can earn some wages, which he must report, and still not lose his compensation benefits." The award itself provides that the employer and insurer are "to resume payments to claimant from December 28, 1967, at the rate of $30 per week for partial incapacity to work as provided in the previous award of January 6, 1967, to continue until or unless terminated by its terms or further order of the board." The referenced award provides for compensation commencing November 16, 1966, until further change in condition, "for partial incapacity to work, under *Code* § 114-405, at the rate of 60% of the difference in his average weekly earnings thereafter, and the $60 per week he earned before his injury, but not to exceed compensation payments of $30 per week. Claimant is directed to furnish defendant full information as to earnings he has made or shall make weekly since November 16, 1966."

The court rendered judgment for the claimant for $240 and costs. The employer and insurer moved the court "to set aside and vacate its judgment" alleging, among other things, that the "judgment is illegal because it is based on the same award that the employee-claimant has ignored in not furnishing his earnings to the employer and carrier on a regular basis. Payments under the award cannot be made until the employee-claimant's earnings are furnished." The employer and insurer also attacked the judgment as illegal because it is the result of an ex parte hearing, without notice or opportunity to the employer and insurer to defend. The

court overruled the motion, and the employer and insurer appeal from this order. *Held:*

1. "A motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings." Ga. L. 1966, pp. 609, 663 (*Code Ann.* § 81A-160 (d)).

2. The summary procedure authorized by *Code* § 114-711 enables a superior court to render judgment based on an award of the State Board of Workmen's Compensation without notice to or hearing on behalf of the employer and insurer, and its provisions in this respect do not violate constitutional due process. *Taylor v. Woodall,* 183 Ga. 122 (187 SE 697); *Firemen's Fund Indem. Co. v. Wade,* 97 Ga. App. 125 (102 SE2d 640). The award is res judicata of the right of the employee to receive payments thereunder until terminated in the manner provided by law, and where it appears that the employer and insurance carrier have failed or refused to pay all of the compensation due under the award the court has no discretion and it is mandatory on it to enter judgment and issue execution for the amount shown to be due. *Sanders v. American Mut. Liab. Ins. Co.,* 105 Ga. App. 472 (124 SE2d 923). See *Jenkins v. Reliance Ins. Co.,* 113 Ga. App. 70 (147 SE2d 343).

3. As the court, in acting under the provisions of *Code* § 114-711, was authorized to render judgment without notice to the employer or insurer, and without affording the employer or insurer any opportunity to controvert the alleged fact in the application that the claimant notified the insurer in writing that he had no earnings, a fact which, when considered with the other allegations, supports the judgment as rendered, regardless of whether the award be interpreted as requiring negative reports, if there are no earnings, as well as affirmative reports of earnings, the motion to set aside the judgment, which must show some nonamendable defect appearing upon the face of the record or pleadings, is without merit. We note, however, that the absence of any express requirement in the award for a report of no earnings is indicative of an intent to require a report only in the event of earnings, and that an express statement covering or eliminating the necessity of negative reports in future awards of this nature would eliminate any need for judicial interpretation. We also note that, if in truth and fact the claim-

ant has earnings which would affect his compensation on which the judgment was rendered, the employer and insurer are not without an adequate means of obtaining relief. It has been suggested that the employer and insurer may proceed, in an appropriate case, by an affidavit of illegality upon levy of the execution based on the judgment. See *Complete Auto Transit v. Davis*, 106 Ga. App. 369, 371 (126 SE2d 909); *Carpenter v. Newcomb Devilbiss Co.*, 111 Ga. App. 472 (2) (142 SE2d 381). And, absent an adequate remedy at law, a complaint in equity may be brought to set aside a judgment for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant. See Ga. L. 1966, pp. 609, 663 (*Code Ann.* § 81A-160 (e)).

*Judgment affirmed. Hall, J., concurs. Whitman, J., concurs in the judgment only.*

SUBMITTED JANUARY 13, 1969—DECIDED APRIL 23, 1969.

*Woodruff, Savell, Lane & Williams, John M. Williams, Ronald L. Davis,* for appellants.

*Adams & Adams, Robert B. Adams,* for appellee.