44224. BITUMINOUS CASUALTY CORPORATION et al.
v. WILLINGHAM.

JORDAN, Presiding Judge. In this workmen's compensation case the claimant obtained a judgment under the provisions of *Code* § 114-711 from which the employer and insurer appeal. *Held:*

1. Agreements approved by the State Board of Workmen's Compensation, unmodified in the manner provided by law, are res judicata, and upon proper application to a superior court under the provisions of *Code* § 114-711, it is mandatory that the court enter judgment and issue execution for the amount shown to be due and unpaid. The court, however, on proper showing must conform its order to any further modifying action by the board affecting the compensation adjudged to be due and unpaid, and credits against such payments. See *Code* § 114-711; *Sanders v. American Mut. Liab. Ins. Co.*, 105 Ga. App. 472 (124 SE2d 923); *Jenkins v. Reliance Ins. Co.*, 113 Ga. App. 70 (147 SE2d 343); *U. S. Fidel. &c. Co. v. Gibby*, 118 Ga. App. 758 (165 SE2d 455); *Hartford Accident &c. Co. v. Hale*, 119 Ga. App. 565.

2. The record here discloses two agreements, both approved on September 20, 1967, one being a standard form "for single specific member injury only under *Code* § 114-406," which shows a leg injury on June 13, 1967, for which the "employee shall receive *compensation for total incapacity . . . of $35.56* per week based upon an average weekly wage of $59.27 *. . . commencing on the 20th day of June, 1967, and continuing during total incapacity, but not to exceed 10 weeks, at which time a rating shall be made to said member and supplemental agreement executed"* (emphasis supplied), and the other being a standard supplemental memorandum of agreement which shows that the employee returned to work on July 14, 1967, at the same weekly wage and that *"liability for temporary total disability ceased on that date"* (emphasis supplied). Nothing appearing to show any other agreement approved by the board, or any additional award by the board, although claimant's application for a hearing on a change of condition was pending, it was mandatory that the court render judgment limited to the amount due and unpaid under the terms of the two agreements in effect. Giving effect to the agreements, the claim-

ant in no event is entitled to payments beyond the 10-week period, less appropriate credits for payments made and earnings after he returned to work. The court therefore was without authority to determine that a continuing entitlement to weekly payments existed until June 11, 1968, the date the claimant shows he received notice that his application to the board would be set for a hearing. In view of the limitations of the approved agreements here involved, this case is clearly distinguishable from other cases where, in the absence of any controlling action effecting a change in entitlement, the original award or entitlement is of a continuing nature. See the discussion in *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746, 752 (113 SE2d 611).

*Judgment reversed. Hall and Whitman, JJ., concur.*

ARGUED JANUARY 14, 1969—DECIDED MAY 13, 1969—
REHEARING DENIED JUNE 2, 1969—

*O'Kelley, Hopkins & Van Gerpen, Earl J. Van Gerpen, Robert E. Whitley,* for appellants.

*Robert Edward Surles,* for appellee.