### 47871. FIDELITY & CASUALTY COMPANY et al. v. FUNDERBURK.

EVANS, Judge. This is a workmen's compensation case in which a request for a change of condition hearing was filed with the Board of Workmen's Compensation. As a result of this request the claimant's compensation was reduced from $37 per week for total disability effective January 5, 1970, to the following: "under Code § 114-405 [as amended] for 60% of the difference in $99.60 per week he earned before injury and his earnings thereafter subject to limitations of said section, such compensation not to exceed $30 a week nor to extend beyond 350 weeks from date of injury." The award further provided that: "Claimant is directed

to furnish insurer, periodically as it requires, reports as to his earnings for computation of the compensation which will be due." And also: "Accrued compensation and authorized medical expenses are directed to be paid promptly." This order was dated January 20, 1970.

In March, 1972, under the authority of Code § 114-711 a petition was filed in the Superior Court of Muscogee County, in which it was contended that payments had accumulated since January 20, 1970, at the rate of $30 per week, a total of $3300 through March 11, 1972, which amounts are due and unpaid and that the insurance carrier had arbitrarily and illegally terminated the making of payments as shown in the above order. The petitioner prayed for a judgment for $3300, plus interest. Judgment was rendered in favor of plaintiff for $3300 with interest, on March 9, 1972.

On the 8th day of September, 1972, the employer and insurer moved to set aside the above judgment upon the following grounds: it was entered without notice to movants; the employee was capable of performing some work; the employee has not shown any information to the employer as to his employment in order that the compensation could be computed; and the employee had not moved the board for a further hearing in said case. Movants also alleged that they had applied to the Board of Workmen's Compensation for a hearing pursuant to the award of January 20, 1970, to determine what, if any, compensation is due. Said application was dated the same date as the motion to set aside the judgment. Motion came on for a hearing and was denied, and the movants appeal. *Held:*

This case is controlled adversely to movants by *Hartford Acc. & Indem. Co. v. Hale,* 119 Ga. App. 565 (168 SE2d 204), which case is almost identical with the case sub judice. That case notes that the action of the court was authorized by Code § 114-711; that the order of

workmen's compensation did not require the claimant to notify the insurer in writing that he had no earnings and that the requirement in the award was "indicative of an intent to require report only in the event of earnings"; and further, the employer-insurer were not without an adequate means of attaining relief. Accordingly, we must affirm the judgment.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

ARGUED FEBRUARY 7, 1973 — DECIDED MARCH 5, 1973.

*H. Baxter Harcourt, Kelly, Champion, Denney & Pease, John W. Denney,* for appellants.

*George C. Kennedy, Ben R. Freeman,* for appellee.