## 53007. WEST POINT PEPPERELL, INC. v. SPRINGFIELD.

WEBB, Judge.

This is an appeal in a workmen's compensation case from the refusal of the superior court to set aside a judgment entered pursuant to Code Ann. § 114-711 in favor of Shirley A. Springfield.

1. The employer asserts that because the judgment

appealed from was "not in accordance with" the award of the State Board of Workmen's Compensation entered May 7, 1974, and affirmed by the superior court on July 26, 1974, that court erred in refusing to set aside its judgment of January 28, 1976, ordering the employer to pay the claimant the sum of $2,700 plus interest.

The award as affirmed directed the employer to pay 60% of the difference between the claimant's average weekly wage prior to her injury and her actual earnings subsequent to her injury from November 16, 1972, through December 5, 1973; and to pay $11.65 a week for partial incapacity commencing December 6, 1973, to continue not in excess of 350 weeks from the date of the injury "unless sooner terminated or changed according to law and as based on the instructions hereinafter set forth." The award then directed the claimant to report her gross weekly earnings subsequent to December 5, 1973, and authorized the adjustment of weekly compensation payable thereafter in accordance with the formula recited in Code Ann. § 114-405, without prejudice to the parties in the event of a dispute. The claimant complied with the statute and the order, and submitted a statement of "no earnings." When the employer refused to pay she filed her application for judgment in accordance with the board's decision pursuant to Code Ann. § 114-711.

We find no grounds for setting aside this judgment. If the employer wished to protest or disagree with the claimant as to whether this compensation was due, its remedy was to apply for a hearing as provided by Workmen's Compensation Board Rule 17 (b) and Code Ann. § 114-706. *Complete Auto Transit v. Davis,* 101 Ga. App. 849 (115 SE2d 482) (1960). The employer did not follow the correct procedure and its failure to do so was at its own peril. Workmen's Comp. Board Rule 17 (g); *City of Hapeville v. Preston,* 67 Ga. App. 350 (3) (20 SE2d 202) (1942); *American Cas. Co. v. Herron,* 102 Ga. App. 658 (1) (117 SE2d 172) (1960). An award affirmed upon appeal is res judicata as to the obligation of the employer to pay compensation thereunder (*Simpson v. Travelers Ins. Co.,* 117 Ga. App. 43, 45 (159 SE2d 294) (1967)), and compensation "shall not be terminated, reduced or suspended without an order or approved agreement from

the State Board of Workmen's Compensation unless the full amount of the award shall have been paid." Rule 17 (a), Rules and Regulations of the Board of Workmen's Compensation.

2. It appears that the entire record of the full board's award was certified and forwarded to the Superior Court of Whitfield County, and docketed in an appeal from another civil action filed by the employer arising from the instant case. The employer contends that this record was never made a part of the claimant's application for judgment in accordance with Code Ann. § 114-711, and that the judgment should therefore have been set aside. The claimant states that the court did in fact have a copy of its own order and the board record before it when it entered judgment, and these documents are included in the record of this appeal. In any event, the superior court could take judicial cognizance of its own orders between the same parties upon the same cause since the application to enforce the award of compensation "is not a separate suit, but merely a continuance of the original proceeding." *Durham Iron Co. v. Durham,* 62 Ga. App. 361, 373 (3) (7 SE2d 804) (1940).

3. The employer's argument that because it was not given notice of the judgment application the award should be set aside has previously been adversely decided. "The summary procedure authorized by Code § 114-711 enables a superior court to render judgment based on an award of the State Board of Workmen's Compensation without notice to or hearing on behalf of the employer and insurer, and its provisions in this respect do not violate constitutional due process. *Taylor v. Woodall,* 183 Ga. 122 (187 SE 697); *Fireman's Fund Indem. Co. v. Wade,* 97 Ga. App. 125 (102 SE2d 640). The award is res judicata of the right of the employee to receive payments thereunder until terminated in the manner provided by law, and where it appears that the employer and insurance carrier have failed or refused to pay all of the compensation due under the award the court has no discretion and it is mandatory on it to enter judgment and issue execution for the amount shown to be due. *Sanders v. American Mut. Liab. Ins. Co.,* 105 Ga. App. 472 (124 SE2d 923). See *Jenkins v. Reliance Ins. Co.,* 113 Ga. App. 70 (147 SE2d

343)." *Hartford Acc. & Indem. Co. v. Hale,* 119 Ga. App. 565, 566 (2) (168 SE2d 204) (1969). It follows that the superior court did not err in refusing to set aside its earlier judgment for any reason assigned.

4. Claimant concedes that the amount of the award was calculated incorrectly. Accordingly, the superior court is directed to reduce the judgment from $2,700 to $2,106 plus interest of 7% per annum.

*Judgment affirmed with direction. Deen, P. J., and Smith, J., concur.*

Argued November 2, 1976 — Decided November 10, 1976 — Rehearing denied November 23, 1976 — ■

*McCamy, Minor, Phillips & Tuggle, J. T. Fordham,* for appellant.

*Mitchell, Mitchell, Coppedge & Boyett, Warren N. Coppedge, Jr.,* for appellee.